FILED
2015 Jan-08  AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENNETH CHAMBLISS, an individual,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No.:** |
| **KBW HOLDINGS, L.L.C.,** | ) ) | |
| **Defendant.** | ) ) | |

## <u>COMPLAINT</u>

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

2.  The Plaintiff was sued for a debt Plaintiff did not owe.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

3.    Defendant KBW Holdings, L.L.C. never had any intention of offering any proof at trial.

4.    Instead, the lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

5.    This is the pattern of collection activity by Defendant KBW Holdings, L.L.C. in its collection lawsuits in Alabama.

6.    The Plaintiff won the lawsuit.

## JURISDICTION

7.    Personal jurisdiction exists over the Defendant as it has the necessary minimum contacts with the State of Alabama, it is a domestic corporation, and this suit arises out of its specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

8.    Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through supplemental jurisdiction (28 U.S.C. Section 1367) as the state law claims form part of the same case or controversy that the federal question claims arise out of.

## VENUE

9.    Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant does business in this judicial district.

## PARTIES

10. Plaintiff Kenneth Chambliss (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant KBW Holdings, L.L.C., ("Defendant" or "KBW[2]") is a domestic debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in Alabama and has its principal place of business is in Alabama.

12. Defendant KBW, upon information and belief, allegedly buys defaulted consumer debt.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS BY KBW IN ALABAMA

13. This case represents a growing trend in the debt collection and credit reporting industries.

14. First, a debt buyer such as KBW which claims to buy the Plaintiff's debt for pennies on the dollar will sue the Plaintiff in small claims or district court.

15. While the debt buyer will claim that it has accurate records, this is not true.

---

[2] "KBW" means KBW directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

16. The purchase agreement between the original creditor and the first debt buyer will state that there is no promise or representation as to the accuracy of the information sold to the first debt buyer.

17. That first debt buyer cannot represent any greater quality to any subsequent debt buyer.

18. In any event, one of the debt buyers, in this case KBW, will sue the Alabama consumer.

19. KBW will hire a collection law firm to file the suit.

20. Generally, most consumers default as they assume if a lawsuit has been filed, it must be legitimate.

21. Occasionally, however, the consumer will file an answer and deny owing money, and KBW knows it will likely lose the case.

22. The reason is that KBW knows that in virtually every case it will be unable (or unwilling) to prove that the consumer owes this debt to KBW.

23. The debt buyer KBW has no intention of proving its case.

24. No witness will be provided by KBW.

25. No admissible evidence will be presented in court.

26. The entire model is based upon filing a high volume of cases, obtaining default judgments, and never having to make any effort to prove the allegations of the lawsuit.

27. When resistance is provided, KBW knows the case will be lost as it has no evidence, no witness, and no intention of proving the case.

28. This is a reality that KBW prefers to keep secret from consumers in Alabama.

29. The case gets set for trial.

30. The judge rules in favor of the consumer at the trial as KBW offered no evidence.

31. KBW did not even make an effort to offer any evidence.

32. KBW has 14 days to appeal from an adverse judgment in Alabama Small Claims or Alabama District Court.

33. KBW does not appeal.

34. KBW knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

35. Since the debt is not owed, collection efforts must cease.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

36. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

37. The conduct by Defendant KBW is a perfect example in 2014-2015 of what consumers are dealing with when being collected upon by debt collectors who violate the law and it shows the problems in 1977 that led to the FDCPA are still present today.

38. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

39. Congress also found that it is <u>fundamentally unfair</u> for the abusive collection agencies to have an <u>unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.</u>

40. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

   (b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   (c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

   (d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   (e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## The District Court Complaint

41.  On July 25, 2014, Defendant KBW sued Plaintiff in the District Court of Walker County, Alabama, with a case number of DV-2014-900168.

42.  This suit was filed by the Parnell & Crum, P.A. collection law firm.

43.  In this suit, Defendant KBW asserted it was the owner of a certain debt allegedly owed by Plaintiff.

44.  Defendant KBW alleged Plaintiff owed KBW $5,727.84 plus interest and costs.

45.  Defendant KBW never intended to offer one shred of evidence to prove its case.

46.  This lawsuit, and the other Alabama lawsuits filed by KBW, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant KBW cannot and will not prove it has any right to collect on.

47.  Another intention of Defendant KBW was to continue to allow the case to move towards trial with the intent that the Plaintiff would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

48.  Defendant KBW knew Plaintiff did not owe the debt sued on.

49.  Defendant KBW made numerous misrepresentations and false statements in the lawsuit.

50.  This suit was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant KBW in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers.

## Plaintiff Answers The KBW Lawsuit

51.  Plaintiff did not and does not owe the debt to KBW.

52.  Plaintiff filed an Answer denying the allegations of Defendant KBW.

53.  The Answer was filed on October 20, 2014 by Plaintiff.

54.  Defendant KBW received a copy of this denial.

55.  Defendant KBW understood that Plaintiff was refusing to pay on this debt.

56.  Defendant KBW understood that Plaintiff disputed this debt.

57.  Defendant KBW knew Plaintiff did not owe this debt.

58.  Defendant KBW knew the statute of limitation had run but pursued the case even though it knew the lawsuit was time barred.

59.  Defendant KBW made a conscious choice to continue to allow the lawsuit to move forward even though Defendant KBW knew that there was no merit to the case, but Defendant KBW sought to use the lawsuit and the court process

to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant KBW.

## The Judge Sets The KBW Lawsuit For Trial

60.   District Court Judge Gregory M. Williams set the case for trial on November 13, 2014.

61.   At all times Plaintiff was prepared for trial.

62.   At all times Defendant KBW was unprepared for trial.

63.   Defendant KBW knew that with its intention to never prove the case, and with a represented Plaintiff, the game was over.

64.   Defendant KBW had provided no proof to its collection counsel that Defendant KBW owned the debt.

65.   Defendant KBW had provided no proof to its collection counsel that Plaintiff owed Defendant KBW the debt.

66.   Defendant KBW provided no evidence and no witness to its collection counsel at any time prior to the trial and up through the end of the trial.

## The Trial

67.   At the trial itself, on November 13, 2014, KBW showed up with no evidence.

68.   As Defendant KBW supplied its collection counsel with no proof and no witnesses, Defendant KBW (through collection counsel) had no proof or evidence to even attempt to offer into evidence in the trial of this case.

69.   Defendant KBW offered no testimony from any witness in this case.

70.   Defendant KBW did not have any witness of any type to present evidence or testimony.

71.   Defendant KBW did not even attempt to submit any document into evidence at trial in this case.

72.   No evidence of any type was submitted by Defendant KBW in the trial of this case.

73.   Judge Williams entered judgment for Plaintiff Chambliss on November 13, 2014.

### Remaining Factual Allegations Against Defendant KBW

74.   Defendant KBW misrepresented the amount owed when Plaintiff owed Defendant KBW nothing on this account.

75.   Defendant KBW misrepresented that Defendant KBW had standing and the right to bring the lawsuit when Defendant KBW did not have standing and did not have the right to bring the lawsuit.

76.   Defendant KBW did not own the debt at the time the lawsuit was filed.

77.   Defendant KBW did not own the debt at any time the lawsuit was pending.

78. Defendant KBW misrepresented that it intended to prove its case when Defendant KBW had no intent to prove its case.

79. Defendant KBW misrepresented that it intended to offer any evidence in the case when Defendant KBW had no intention of offering any evidence in the case.

80. Defendant KBW misrepresented that Plaintiff only had 14 days to dispute the debt when the FDCPA clearly provides in § 1692g that a consumer has 30 days.

81. This suit was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant KBW in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers.

82. Defendant KBW is not the owner of this alleged debt.

83. Defendant KBW has collected against Plaintiff when Plaintiff did not owe any money to Defendant KBW on this account.

84. Defendant KBW has misrepresented the debt to Plaintiff.

85. This includes the amount of the debt as none is owed.

86. This includes the legal status of the debt as none is owed.

87. This includes the false statement that Defendant KBW intended to offer any proof in the case when it had no such intention.

88.   Defendant KBW has threatened to take action, and actually has taken action, it knows is illegal for Defendant KBW to take.

89.   This includes suing on a debt it knew or should have known the statute of limitations had passed, proceeding to the trial date when Defendant KBW knew at the time and continued to know up to and including the trial that it has no right to proceed to trial on a debt it does not own and that Plaintiff does not owe.

90.   Defendant KBW knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant KBW did not own the debt, by misrepresenting numerous facts in the lawsuit, by threatening to take Plaintiff's property and wages, and by all other wrongful acts described in this Complaint.

91.   Plaintiff did not and does not owe this money to Defendant KBW.

92.   The alleged debt and contract do not allow for collecting debts not owed by Plaintiff to Defendant KBW.

93.   The debt being collected is a consumer debt as defined by the FDCPA.

94.   Plaintiff is a "consumer" as defined by the FDCPA.

95.   Defendant KBW is a "debt collector" as defined by the FDCPA.

96.   Defendant KBW knows it can be sued in Alabama for filing suits with no basis to do so.

97.   Defendant KBW has full knowledge of what it is doing by filing bogus lawsuits and illegal collection activities.

98.   Defendant KBW knows that it is suing Alabama consumers who do not owe the debts being sued upon.

99.   Defendant KBW knows that it is suing Alabama consumers on debts that Defendant KBW does not own.

100.  Defendant KBW has calculated that the most profitable way to conduct these suits is to file them with no investigation on the merits of the suit, to provide no evidence to collection counsel, to provide no valid evidence for any court to consider, and to use deception and intimidation to force Alabama consumers to pay for debts not owed or to obtain default or consent judgments against the Alabama consumers.

101.  Defendant KBW files numerous lawsuits in Alabama with no intention of proving those lawsuits.

102.  Defendant KBW is counting on the fact that many Alabama consumers will not answer and so default judgments will be entered.

103. This type of "scattershot" litigation strategy is improper, deceptive, and abusive.

104. Defendant KBW knows that its "scattershot litigation" is improper but it has decided that this is the most effective way to obtain money from Alabama consumers who do not owe the money to Defendant KBW.

105. The conduct of the Defendant KBW has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

106. It is a practice of the Defendant KBW to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

107. Defendant KBW knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

108. All actions taken by employees, agents, servants, or representatives of any type for the Defendant KBW were taken in the line and scope of such individuals' employment, agency or representation.

109. This includes collection counsel for Defendant KBW who in all ways conducted themselves in the line and scope of their agency and representation of Defendant KBW.

110.   Defendant KBW had all knowledge that its collection counsel had.

111.   All actions taken by the Defendant KBW were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

112.   Defendant KBW has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant KBW is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

113.   Defendant KBW is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

114. Defendant KBW negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

115. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

116. Section 1692d states "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

117. Specifically, paragraphs 2, 23-26, 31, 34-35, 45-48, 50-51, 57-59, 63-73, 76-77, 81-86, 89-95, 103-113 support the 1692d claim.

118. As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

119.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

120.  Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

121.  Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the 1692e claim.

122.  As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

123.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

124.  Section 1692e(2) states "The false representation of the character, amount, or legal status of any debt;"

125. Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the 1692e(2) claim.

126. As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

**COUNT IV.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692e(5)**

127. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

128. Section 1692e(5) states "The threat to take any action that cannot legally be taken or that is not intended to be taken."

129. Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the 1692e(5) claim.

130. As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

131.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

132.   Section 1692e(10) states "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

133.   Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the 1692e(10) claim.

134.   As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

135.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

136.   Section 1692f states "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

137. Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the 1692f claim.

138. As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

139. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

140. Section 1692f(1) states "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

141. Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the 1692f(1) claim.

142. As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

## COUNT VIII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

143. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

144. Section 1692g states "...a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector..."

145. Specifically, paragraph 80 supports this claim as Defendant told Plaintiff that Plaintiff only had 14 days to dispute instead of 30 days.

146. As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

## COUNT IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692i(a)(2)

147. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

148. Section 1692i(a)(2) states:

(a)         Any debt collector who brings any legal action on a debt against any consumer **shall** --

  (2)         in the case of an action not described in paragraph (1), bring such action **only in** the judicial district or similar legal entity --

    (A)         in which such consumer **signed the contract** sued upon; or

    (B)         in which such **consumer resides at the commencement of the action**.

149. Plaintiff did not sign the contract sued upon in Walker County.

150. Plaintiff does not live in Walker County and did not live there when the collection suit was filed.

151. As a result of Defendant KBW's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant KBW.

## COUNT X.

## INVASION OF PRIVACY

152. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

153. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant KBW violated Alabama state law as described in this Complaint.

154. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

155. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

156. Defendant KBW intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

157. Defendant KBW intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

158.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

159.  The conduct of Defendant KBW, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant KBW which occurred in a way that would be highly offensive to a reasonable person in that position.

160.  This conduct includes the filing of a public lawsuit against Plaintiff.

161.  A public lawsuit that has no merit and Defendant KBW knew at the time it filed the lawsuit that it had no merit.

162.  All of the other wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant KBW in its campaign of improper debt collection which has led to the Plaintiff's privacy being invaded.

163.  As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant KBW.

164.  All acts of Defendant KBW were committed with malice, intent, wantonness, and/or recklessness and as such Defendant KBW is subject to punitive damages.

165.  Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the Invasion of Privacy claim.

## COUNT XI.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

166. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

167. Defendant KBW's collectors are allowed and encouraged to break the law in order to collect debts.

168. This includes all of the violations of the law described in this Complaint.

169. Defendant KBW is aware of the wrongful conduct of its collectors.

170. Defendant KBW negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant KBW is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT XII.

### WANTON, MALICIOUS, AND INTENTIONAL CONDUCT

171. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

172. Defendant KBW had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

173. Defendant KBW had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

174. Defendant KBW acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

175. Defendant KBW violated all of the duties Defendant KBW had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

176. It was foreseeable, and Defendant KBW did in fact foresee it, the actions of Defendant KBW would lead and did lead to the exact type of harm suffered by Plaintiff.

177. Defendant KBW acted with malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

178. Defendant KBW invaded the privacy of Plaintiff as set forth in Alabama law.

179. Such malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

180. As a result of this conduct, action, and inaction of Defendant KBW, Plaintiff has suffered damages as set forth in this Complaint.

181. Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the Wanton, Malicious, and Intentional Conduct claim.

## COUNT XIII.

## MALICIOUS PROSECUTION

182. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

183. Defendant KBW knew Plaintiff did not owe this debt to Defendant KBW.

184. Defendant KBW instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

185. Defendant KBW filed the lawsuit with no intention of ever proving its case.

186. Defendant KBW continued to prosecute the case with no intention of ever proving its case.

187. Defendant KBW filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.

188. Defendant KBW instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant KBW money on a non-existent debt.

189. The malicious plan of Defendant KBW included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant KBW tried to accomplish this by the Defendant KBW's malicious and abusive actions.

190. Throughout the entire illegal lawsuit against Plaintiff, Defendant KBW knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant KBW knew it was not entitled to receive.

191. The suit was a time barred suit.

192. The litigation against Plaintiff filed by Defendant KBW eventually resulted in adjudication in favor of Plaintiff.

193. The illegal and improper actions of the Defendant KBW constitute malicious prosecution.

194. This is the pattern and practice of Defendant KBW – to file suit with no basis and no intention of ever proving the case in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant KBW.

195.  The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant KBW's abuse of process and malicious prosecution.

196.  Specifically, paragraphs 2, 23-26, 31, 34-35, 45-51, 57-59, 63-95, 103-113 support the Malicious Prosecution claim.

## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $350,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE**

_____
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

KBW Holdings, L.L.C
c/o Dustin Redden
641 South Lawrence Street
Montgomery, Alabama 36104